Filed 12/17/21  P. v. Muller CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C093088 |
| Plaintiff and Respondent, | (Super. Ct. No. P12CRF0469) |
| v. | |
| WILLIAM GREGORY MULLER, | |
| Defendant and Appellant. | |

In 2014, defendant William Gregory Muller pleaded no contest to one count of committing a lewd act and admitted a prior serious felony conviction allegation. Defendant agreed to a stipulated sentence of six years, doubled to 12 years pursuant to Penal Code section 667.  (Statutory section citations that follow are to the Penal Code.) Effective January 1, 2019, the Legislature amended section 1170.91 to provide that individuals sentenced prior to January 1, 2015 are eligible for resentencing if they are or

1

were members of the military and they suffered trauma as a result of that service that was not considered as a factor in mitigation at the time of sentencing. Petitioner appeals the trial court's denial of his request for resentencing on the basis that the trial court misunderstood the scope of its discretion under section 1170.91 by refusing to consider his postconviction good behavior and emphasizing the relatively short duration of his military career. Finding no error, we affirm the judgment.

## FACTS AND HISTORY OF THE PROCEEDINGS

For the reasons detailed in our discussion, we need not provide a full recitation of the facts relating to defendant's crimes.

In 2013, defendant was charged with two counts of lewd acts upon a child (§ 288, subd. (a)), one count of transient's violation of registration law (§ 290.011), and one count of failure to register (§ 290.013). As to counts one and two, a special allegation was made of a prior conviction for a sex offense listed in section 667.61 and of a prior serious felony conviction (§ 667, subds. (b)-(l)). In 2014, defendant pleaded no contest to one count of lewd acts upon a child, and admitted the special allegation of a prior serious felony conviction. The court dismissed the remaining counts. Defendant agreed to a stipulated sentence of six years which was doubled to 12 years pursuant to section 667.

Effective in 2015, the Legislature added section 1170.91 which, in subdivision (a), provides, in part, "If the court concludes that a defendant convicted of a felony offense is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service, the court shall consider the circumstance as a factor in mitigation when imposing a term under subdivision (b) of Section 1170 . . . ." (Stats. 2014, ch. 163, § 2.)

Effective January 1, 2019, the Legislature amended section 1170.91 to add subdivision (b) which provides that a person otherwise eligible for subdivision (a) who is

2

currently serving a sentence, whether by trial or plea, may request resentencing if sentenced prior to January 1, 2015 and if "[t]he circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing." (Stats. 2018, ch. 523, § 1.)

In January 2019, defendant filed what was deemed to be a petition for resentencing pursuant to section 1170.91, subdivision (b). Defendant asserted he served in the military from February 29, 1980 through March 25, 1981 and was honorably discharged due to "Unsuitability – Personality Disorder" and suffers major depressive disorder, "PTSD, alcohol poisoning, drug addiction, military sexual trauma, and personality disorder with passive aggressive features." The trial court held a hearing on this motion during which the court heard that while he was in the military, defendant was discovered masturbating in the barracks by other service members who then mercilessly ridiculed him.

Defense counsel asked the court to consider that defendant had "bettered himself" while incarcerated, including participating in numerous programs and obtaining his GED. The prosecution argued defendant's postconviction behavior was not relevant, as the court should only consider if defendant would have been sentenced differently if the information regarding defendant's military service and trauma had been presented at the original sentencing hearing. The trial court agreed and found that defendant's limited military service and resulting trauma would not have altered the sentencing court's determination and denied the resentencing request.

DISCUSSION

Defendant contends the trial court erred in declining to resentence him pursuant to section 1170.91 as it misunderstood the scope of its discretion. Defendant asserts the trial court improperly minimized the impact of the trauma he suffered while in the military

3

because he only served for a little over a year.  Lastly, defendant argues the trial court erred in refusing to consider his postconviction rehabilitative efforts and good behavior.

The People argue the trial court did not err as defendant is not eligible for resentencing under section 1170.91 because he pleaded to a stipulated term.

The People's request for judicial notice of legislative history materials is granted.

Although section 1170.91 states that it allows for resentencing individuals whether they were convicted by trial or by plea, the statute does not specifically address individuals committed pursuant to a stipulated sentence.  In *People v. King*, the court considered whether a defendant who entered into a plea agreement for a stipulated term could be resentenced under section 1170.91, subdivision (b).  (*People v. King* (2020) 52 Cal.App.5th 783, 790-794.)  *King* concluded that the stipulated prison term in King's plea agreement rendered him "plainly ineligible" for resentencing under the statute, reasoning that even if the trial court recalled the defendant's sentence, it still would be required to impose the stipulated term.  (*Id.* at pp. 786, 788, 791.)

The *King* court relied in part on the statutory language to reach its conclusion, explaining:  "A petitioner who meets the requirements set forth in section 1170.91, subdivision (b) obtains the remedy of 'resentencing pursuant to subdivision (a).' (§ 1170.91, subd. (b)(1).)  Subdivision (a) provides that the trial court shall take into account the defendant's mental health and substance abuse problems 'when imposing a term under subdivision (b) of Section 1170.' (§ 1170.91, subd. (a), italics added.)  A trial court that sentences under subdivision (b) of section 1170, exercises its discretion to choose an upper, middle or lower determinate term based on its consideration of factors in mitigation and aggravation.  However, when a trial court sentences a defendant who has agreed to a stipulated sentence for a term of years, the trial court exercises no discretion to decide between an upper, middle and lower term and may not consider factors in mitigation and aggravation.  Therefore, the trial court is not 'imposing a term under subdivision (b) of Section 1170.' (§ 1170.91, subd. (a).)  As a result, a petitioner,

4

like King, who agreed to a stipulated sentence for a specific prison term cannot obtain the relief afforded under section 1170.91, subdivision (b)(1), as that petitioner cannot be resentenced under subdivision (b) of Section 1170 to an upper, middle or lower term based on factors in mitigation and aggravation." (*People v. King, supra*, 52 Cal.App.5th at p. 791.)

Similarly, in *People v. Brooks* the court held that the defendant was not entitled to resentencing because he had pleaded to a stipulated sentence. (*People v. Brooks* (2020) 58 Cal.App.5th 1099.) The court noted that stipulated sentences remove discretion from the sentencing court's purview: " 'Where the plea is accepted by the prosecuting attorney in open court and is approved by the court, . . . the court *may not proceed as to the plea other than as specified in the plea*.' (§ 1192.5, italics added.) When a court accepts a plea bargain, the court must impose a sentence within the limits of that bargain. [Citations.] Thus, a court may not modify the terms of a plea agreement while otherwise leaving the agreement intact, 'nor may the court effectively withdraw its approval by later modifying the terms of the agreement it had approved.' [Citation.] ' " ' "Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly." ' " ' [Citations.] It follows that unless the Legislature intended otherwise, a retroactive resentencing statute incorporates long-standing law that 'a court cannot unilaterally modify an agreed-upon term by striking portions of it . . . .' [Citation.]" (*Brooks,* at pp. 1106-1107.) Further, the court noted there was no need to look to the legislative history of section 1170.91 because the statutory language is unambiguous. (*Brooks,* at pp. 1107-1108.) In conclusion, "the resentencing authority conferred by section 1170.91, subdivision (b) is inherently incompatible with the recognized finality of plea agreements to a specified term of years." (*Id.* at p. 1109.)

Statutory interpretation is a question of law and we review de novo. (*People v. D.C.* (2020) 54 Cal.App.5th 727, 731.)

5

We agree with the courts in *King* and *Brooks* that section 1170.91 does not provide for the resentencing of individuals who agreed to a stipulated sentence. We are not persuaded by defendant's arguments that we should reject the reasoning in these cases and adopt the reasoning of the *Brooks* dissent. Like the appellants in *King* and *Brooks*, defendant agreed to a stipulated sentence. As such, although the trial court declined to resentence him for other reasons, the outcome remains the same. (*People v. Zapien* (1993) 4 Cal.4th 929, 976 [a ruling correct in law will not be disturbed merely because given for a wrong reason].)

DISPOSITION

The judgment is affirmed.

_____

HULL, Acting P. J.

We concur:

_____

ROBIE, J.

_____

KRAUSE, J.